# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**February 18, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

JENNIFER OAKLEY (WILSON),   )
                               )
     Plaintiff/Appellant,     )
                               )    Appeal No.
                               )    01-A-01-9802-CV-00100
VS.                         )
                               )    Davidson Circuit
                               )    No. 96D-1850
LARRY R. WILSON,        )
                               )
     Defendant/Appellee.   )

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE MURIEL ROBINSON, JUDGE

JENNIFER OAKLEY
2201 Murphy Avenue, Suite 202
Nashville, Tennessee 37203
     Pro Se/Plaintiff/Appellant

EARL J. PORTER, JR.
214 Third Avenue North
Nashville, Tennessee 37201

THOMAS F. BLOOM
500 Church Street
Nashville, Tennessee 37219
     Attorneys/Defendant/Appellee

REVERSED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

This appeal concerns the trial judge's authority or duty to correct a divorce certificate filed pursuant to Tenn. Code Ann. § 68-3-402. The appellant asserts that the trial judge denied her a fair hearing and any relief because of the judge's bias and personal animosity toward her. We reverse the trial judge's order concerning the divorce certificate and hold that the recusal question is now moot.

## I.

On May 2, 1997, the Circuit Court of Davidson County entered a divorce decree dissolving the troubled marriage of Larry Wilson and Jennifer Oakley Wilson. The divorce involved one child, a son born to Ms. Wilson in a prior marriage and adopted by Mr. Wilson in 1991. The bitterness associated with this divorce has been reported in a prior opinion of this court. *See Wilson v. Wilson*, No. 01-A-01-9707-CV-00325 (Nashville Sept. 2, 1998), *app. for perm. to app. pending*.

The State Department of Health is required by statute to establish an office of Vital Records. Tenn. Code Ann. § 68-3-103. A State Registrar appointed for that purpose acts as custodian of the records, Tenn. Code Ann. § 68-3-104(b)(1)(A), and prescribes the forms that "will accomplish the purpose of complete and accurate registration." Tenn. Code Ann. § 68-3-104(b)(2). One of the records kept by the State Registrar is a divorce certificate issued by the clerk of the court granting the divorce. Tenn. Code Ann. § 68-3-402(a).

In Davidson County (and we suspect in many other counties) local practice requires that the divorce certificate be filled out and filed with the divorce

decree. The information in the certificate, therefore, is provided by one of the lawyers. The clerk then forwards a copy of the certificate to the vital records office.

Mr. Wilson's lawyer drew the decree and filled out the divorce certificate. In a section calling for the "NUMBER OF CHILDREN EVER BORN ALIVE OF THIS MARRIAGE" the lawyer entered the word "one." On December 12, 1997, Ms. Wilson (now restored to her maiden name of Oakley) filed a motion seeking to amend the divorce certificate to reflect that no children were born in the marriage. Along with the motion to correct the certificate Dr. Oakley filed a motion for the trial judge's recusal. The motion recited that one of her former lawyers had said that the judge was "gunning" for her and that other former lawyers had seen fit to withdraw from the case, allegedly for political reasons. Attached to the motion was a copy of a motion filed with the Davidson County District Attorney's Office requesting an investigation of the trial judge for a host of allegedly illegal and unethical acts. Dr. Oakley subpoenaed three of her former attorneys, the trial judge's two stepdaughters (her secretary and docket clerk) and the Chairman of the Board of Professional Responsibility. The items sought from the Board of Professional Responsibility related to a complaint filed against one of Dr. Oakley's former attorneys.

The trial judge overruled the motion to amend the certificate, quashed the subpoenas, and refused to hear Dr. Oakley on the recusal motion.

## II.

### The Divorce Certificate

The statutes allow for the amendment of vital records. In order to protect the integrity and accuracy of the records, however, the statutes and regulations adopted by the Department of Health must be followed. Tenn. Code Ann. § 68-3-203(a). The statute itself gives the State Registrar the power to amend a

certificate when presented "with evidence which a reasonable man would conclude proves beyond a reasonable doubt that an original entry on a certificate was factually inaccurate at the time of recordation." Tenn. Code Ann. § 68-3-203(f). In addition, the Department regulations provide:

> Any item on a certificate may be corrected by an order of a court of record with the exception of the date of filing and the signature of the certifier, and changing the date of birth to a date which is after the date of filing. A certified copy of the order must be submitted to the State Registrar.

Rule 1200-7-1-.10(2)(a)(5).

We conclude, therefore, that Dr. Oakley had two avenues through which she might have sought amendment of the certificate. She could have tried to persuade the State Registrar to do it; or, as she did here, she could have sought an order from the court that granted the divorce.

In denying Dr. Oakley's motion, the trial judge relied on Tenn. Code Ann. § 36-1-121(a), a part of the adoption law, that establishes a relationship between the adopted child and the adoptive parents "as if the adopted child had been born to the adoptive parents." We are convinced, however, that the statute describes a legal relationship and does not require the divorce certificate to show that the child was born during the marriage of the adoptive parents. The divorce certificate stresses the word this in seeking information about children born during the marriage. It seems to us that the accuracy of vital records demands that the certificate be amended to show that no children were born to the Wilson marriage.

We are aware that an adopted child's birth certificate may be amended to show the adoptive parents as the birth parents. See Tenn. Code Ann. § 68-3-310, 311, 312. We were informed at oral argument that Mr. Wilson is in fact shown on the child's birth certificate as the father. Thus, if we grant Dr. Oakley's motion to amend

- 4 -

the divorce certificate, the vital records will be in conflict. But, aside from shedding some light on the urgency, or lack of it, for the relief sought in Dr. Oakley's motion, we cannot see how the legislature's policy decision in adoption cases covers a certificate of divorce. We are aware also that "a new certificate of birth by adoption shall not be prepared if so requested by the court that granted the adoption, the adoptive parent(s), or the adopted person." Tenn. Code Ann. § 68-3-311(c)(3). In a case where the adopted child's birth certificate has not been changed, the records would again conflict if the divorce certificate showed that the child was born during the marriage.

We are of the opinion that Dr. Oakley was entitled to an order correcting the information on the divorce certificate.

## III.
## Recusal

Having decided that the divorce certificate should be corrected, the recusal motion is now moot. Even should we decide that the record showed some merit to the motion, the relief granted would be a remand for a hearing before an unbiased judge. But having gained the object of the hearing, Dr. Oakley needs no further relief.

At the risk of being accused of rendering an advisory opinion, we think a further comment is necessary. To the extent that the recusal motion was based on matters that occurred in the original divorce proceeding, we have now held that the record from that case does not demonstrate a disqualifying bias or prejudice. There was no need to go over that terrain again. And to the extent that the motion was based on other alleged improprieties -- such as violating the nepotism laws or the Code of Judicial Conduct -- that have nothing to do with bias toward Dr. Oakley, the divorce court is not the proper forum in which to raise those issues. A litigant should

not be allowed to drive a judge off a case by making charges unrelated to personal bias or prejudice and then saying "no judge could be impartial toward someone who made those charges."

To the extent, however, that the recusal motion cited proof that had not been heard before or raised issues not previously determined, Dr. Oakley would be entitled to be heard. We take no position on whether the motion itself or its attachments showed any new issues or the necessity for additional proof. At oral argument Dr. Oakley argued that some of the witnesses she subpoenaed would testify about statements made by the trial judge showing bias or prejudice. We do not see allegations in the motion or its attachment requiring that proof, but that is the type of proof that might be proper if this issue ever surfaces again. We suspect that it will.

The lower court's order denying the motion to correct the divorce certificate is reversed and the cause is remanded to the Circuit Court of Davidson County for further proceedings in accordance with this opinion. We pretermit the recusal issue. Tax the costs on appeal equally to the appellant and the appellee.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE